IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRIAN RAMON HUGHES**                                                                                  **PLAINTIFF**
**ADC #119986**

V.                                       NO. 4:24-cv-00932-BSM-ERE

**HAYNES,** *et al.*                                                                                        **DEFENDANTS**

## ORDER

*Pro se* plaintiff Brian Ramon Hughes has filed: (1) a motion for default judgment against Defendants Haynes, Brown, and Malone; and (2) a motion for summary judgment. *Docs. 33, 34*. For the following reasons, Mr. Hughes' motions are denied.

**1.      Motion for Default Judgment**

Although Mr. Hughes requests that the Court enter a default judgment against Defendants Haynes, Brown, and Malone, those Defendants have not yet been served. As a result, no factual or legal basis exists to find that any of these Defendants are in default.

On December 9, 2024, summonses were returned unexecuted for these Defendants. *Docs. 17, 18, 19*. ADC officials provided Defendants Brown and Malone's last-known addresses to the Court under seal. *Docs. 18, 19*. ADC officials were unable to identify Defendant Haynes. *Doc. 17*. The next day, the notice of the

bankruptcy stay was filed. *Doc. 21*. As a result, the Court has not yet re-issued summonses for those Defendants. The Court will re-issue summonses for Defendants Malone and Brown now. The Court will attempt to contact Wellpath representatives in an attempt to serve Defendant Haynes.

2.   **<u>Motion for Summary Judgment</u>**

Mr. Hughes' motion, although styled as a motion for summary judgment, is mistitled. His motion fails to contain the minimum requirements for such a motion. In addition, the filing of summary judgment motions is premature.

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc*., 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* FED. R. CIV. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

Mr. Hughes' motion fails to include any evidence even arguably suggesting that there is no genuine dispute as to any material fact such that he is entitled to judgment as a matter of law as to any of his pending claims. Mr. Hughes also fails

to provide a brief in support of his motion, which is required by this Court's Local Rules. See Local Rule 7.2 (a).

In addition, Mr. Hughes' motion is premature. At this time, the parties have not had an opportunity to engage in discovery. See *Jackson v. Reibold,* 815 F.3d 1114, 1121 (8th Cir. 2016) ("The general rule is that summary judgment is appropriate 'only after the nonmovant has had adequate time for discovery.'").

IT IS THEREFORE ORDERED THAT:

1. Mr. Hughes' motion for default judgment (*Doc. 33*) is DENIED.

2. Mr. Hughes' motion for summary judgment (*Doc. 34*) is DENIED.

3. The Clerk is instructed to prepare new summonses for Defendants Stephen Brown and L. Malone.

4. The United States Marshal is directed to serve the reissued summons, the complaint and the amended complaint (*Docs. 2, 5*), including any attachments, and a copy of this Order without requiring prepayment of fees or costs. Service should be attempted at these Defendants' last-known private home addresses, provided to the Court under seal. Importantly, these addresses must be *redacted* from the return of service and from any other public portion of the record.

SO ORDERED 3 June 2025.

_____
UNITED STATES MAGISTRATE JUDGE